## FRANK BELL v. THE STATE.

1. CRIMINAL LAW. *Trial. Right of accused to be present.*
   One charged with a felony has the right to be present in court during the whole of his trial, and unless he voluntarily absents himself, the trial cannot be proceeded with in his absence.

2. SAME. *Accused as witness.*
   Nor can the court require the accused, as a condition upon which he will be permitted to testify, to be examined before his other witnesses are put upon the stand.

3. SAME. *Evidence. Uncommunicated threats.*
   Previous uncommunicated threats, made by the injured party against the accused, are admissible in evidence where there is evidence tending to prove that the former made the first hostile demonstration.

APPEAL from the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Appellant was indicted and convicted upon a charge of assault and battery with intent to kill.

Pending the trial of the cause and after the evidence for the state had been introduced, the court informed the attorneys for the defendant that if the defendant desired to testify, he must be examined before any of his witnesses. To this defendant excepted, and being a witness and desiring to testify he was examined first, in obedience to the requirement of the court.

Testimony was offered by the defendant to prove threats to kill defendant made the day previous to the difficulty by Suggs, the person upon whom the alleged assault was made.

This testimony was excluded upon the objection of the district attorney, because the threat had not been communicated to defendant.

*J. L. Finley*, for appellant.

The conduct of the witness, Suggs, should be viewed from defendant's standpoint, and he had the right to view it in connection with the threats and conduct of Suggs the day before. The court cut off all inquiry into the previous threats and relations of the parties to the difficulty. This was error.

*Allen, Robins & Stribling*, for appellant.

There is no law to compel a defendant in a criminal case to testify first, or lose his right to be a witness. This is not because a defendant has the right to first hear his witnesses so as to track them on his testimony but because the constitution gives him the right " to be faced by the witnesses against him " and the record must show affirmatively that he was present during the whole of his trial. It is impossible to say what effect this error had on the result of the trial and therefore it necessitates a reversal.

It was error to exclude the evidence of uncommunicated threats. Such evidence is admissible where, as in the case at bar, it is a question for the jury whether the accused acted in self-defense or not. *Stokes' Case*, H. & T. Cases 929 (S. C.), 53 N. Y. ; *Campbell's Case*, 16 Ill. 17 ; *Goodrich's Case*, 19 Vt. 116.

Such evidence is admissible to corroborate evidence of other threats which have been communicated. *Holler* v. *State*, 37 Ind. 57 ; *Sloan's Case*, H. & T. Cases 576 ; *Campbell's Case*, Ib. 282 ; *Little's Case*, Ib. 487.

Also to show the *quo animo* of the injured party and the state of mind toward the accused. 3 Greenleaf Ev. (14th ed.) 118, § 116, note (a) ; 47 Ala. 603 ; *Payne* v. *State*, 60 Ala. 80 ; *People* v. *Lairy*, 53 Cal. 602 ; *Davidson* v. *People*, 4 Cal. 145 ; *Wilson* v. *People*, 94 Ill. 299 ; *State* v. *Charis*, 80 N. C. 574.

Where it is doubtful which party began the affray, such evidence is admissible to illustrate the question as to which of the parties was the first assailant. *Scoggin's Case*, 37 Cal. 677 ; *Sloan's Case*, H. & T. Cases 516 ; *Johnston* v. *State*, 54 Miss. 430 ; Whart. Cr. L., § 1027.

*T. M. Miller*, attorney-general, for the state.

Previous threats by the injured party were so abundantly proved

66 Miss.—13

that it seems immaterial that the court excluded some testimony on that subject.

While it may be admitted that it is a dangerous exercise of power for a court to require the defendant to testify first unless he goes under the rule, no harm appears to have been done here, because defendant took the stand and testified fully. I submit that the judgment on the whole record ought to be affirmed, notwithstanding the refusal of the court to allow evidence of the uncommunicated threats.

COOPER, J., delivered the opinion of the court.

The court should not have required the accused, as a condition upon which he would be permitted to testify at all, to take the stand before examining other witnesses whom he desired to introduce. One charged with a felony has a right to be present in court during the whole of the trial, and unless he voluntarily absents himself from the court, the trial may not proceed in his absence. The right to be present during the examination of his other witnesses, and the right to testify in his own behalf, are both secured and equally secured to the accused by law, and neither may be denied or abridged by the court. It must often be a very serious question with the accused and his counsel whether he shall be placed upon the stand as a witness, and subjected to the hazard of cross-examination, a question that he is not required to decide until, upon a proper survey of all the case as developed by the state, and met by witnesses on his own behalf, he may intelligently weigh the advantages and disadvantages of his situation, and, thus advised, determine how to act. Whether he shall testify or not; if so, at what stage in the progress of his defense, are equally submitted to the free and unrestricted choice of one accused of crime, and are in the very nature of things beyond the control or direction of the presiding judge. Control as to either is coercion, and coercion is denial of freedom of action. If, in response to the suggestion of the judge, the accused had stated that he desired to testify, but could not in justice to himself take the stand until after other testimony should be delivered, what course could the court

have taken? It could not have removed him from the presence of the jury while the other witnesses were being examined, for that would have been to deny him his constitutional right of being present at his trial. The only other course was for the judge either to leave the defendant free to speak as a witness when he should elect so to do, or to compel him, before the examination of other witnesses, to take the stand, under the admonition that if he did not he should be precluded from testifying at all. A defendant placed in such condition would frequently find the lesser evil to be in retiring from the court, leaving to his counsel the duty of eliciting from his witnesses the facts of his defense. But we apprehend that no court would consider such absence a voluntary one, and because voluntary, authorizing the trial to progress in his absence. Practically the court states to the defendant that he may not be both defendant and witness, though the law recognizes him as both, and deals with him as a composite of both, and not wholly either. As defendant, the court cannot enforce the rule against him as a witness, but because he is a witness it deprives him as defendant of his right to elect when as a witness he shall testify. The only rule practicable under the law is to treat the accused as defendant, except while he is upon the stand as a witness, and it is probable than even then there may arise instances in which the court will be powerless to deal with the witness, because he is defendant.

The court also erred in excluding evidence of previous but uncommunicated threats made by the injured party against the accused. There was evidence tending to prove that the injured party made the first hostile demonstration, and though the jury might have disbelieved that such was the case, yet under such circumstances evidence of uncommunicated threats is admissible. *Johnson* v. *The State, ante,* p. 189.

*The judgment is reversed and cause remanded.*