## COOMBS et al. v. COOMBS.

Court of Appeals of District of Columbia.
Submitted March 6, 1929. Decided
April 1, 1929.

No. 4711.

Walter M. Bastian and Harry S. Barger, both of Washington, D. C., for appellants.

Wilton J. Lambert, R. H. Yeatman, and Austin F. Canfield, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellee, as plaintiff below, sought a divorce a vinculo from her husband, William Leslie Coombs, upon the ground of adultery, and named Esther Rogers as co-respondent. The co-respondent was made a defendant and was brought in by personal service of process. Pleas were filed by the defendants denying the charge of adultery, and the case went to trial. The court found the defendants guilty of adultery as charged, and granted a divorce and alimony to appellee. There is no living issue of the marriage. The defendants below have appealed upon various assignments of error.

It is contended by appellants that the evidence in the case was insufficient to sustain the decree. We have examined the record with care and we disagree with this contention. It is certain that no good purpose can be served by a discussion of the details of the evidence submitted in this case, and we will simply say that we agree with the conclusions expressed by the trial justice. Nor do we find any error in the rulings below upon the admission or rejection of evidence in the case.

At the conclusion of the plaintiff's evidence the following occurred:

"The Court: Is the defendant going to testify?

"Mr. Bastian: That depends somewhat on—

"The Court (interposing): If he is, I want him to testify first. That is my rule.

"Mr. Bastian: May we have him excluded until he comes to testify?

"The Court: If counsel will not disclose to him the testimony.

"Mr. Bastian: I think the Court can assume that we won't do that.

"The Court: I assume you won't if you say you won't.

"Mr. Barger: We will promise.

"The Court: Very well."

Afterwards in the course of the trial the following occurred:

"The Court: Does the co-respondent expect to testify?

"Mr. Barger: I have not decided yet.

"The Court: She must testify first if she is going to testify.

"Mr. Barger: She is not here, and has not been here for any part of the trial.

"The Court: If she is going to testify, she must testify now. I imagine you know where your client is.

"Mr. Barger: I do.

"The Court: Then I think she could be here.

"Mr. Barger: May I, for the purpose of the record, reserve an exception?

"The Court: Very well. If she does not testify now, she will not be permitted to testify later.

"Mr. Barger: In accordance with your honor's requirements, she will not testify.

"The Court: Very well."

At a later point in the trial the following occurred:

"The Court: I may say, Mr. Barger, that if your client does not testify, it will impress me very strongly. * * * I am letting you know that on time.

"Mr. Barger: I have made my election. I was compelled to do it."

Neither of the defendants was called as a witness, nor was the testimony of either tendered to the court. The foregoing rulings and statements of the court are assigned as error by the appellants.

We do not agree with this contention of appellants. It is not correct to say that the trial court excluded appellant Coombs from the courtroom during the trial. That

expedient was for the first time suggested and adopted by his own counsel in order to avoid calling him as the first witness on his own behalf. Moreover, the trial court in a divorce case is invested with a broad discretion in respect to the order in which witnesses may be called as well as in other particulars. Cole v. Cole, 49 App. D. C. 237, 263 F. 633. There was no error in the rulings complained of, and the trial justice was justified in the following statement made by him to counsel: "I think, Mr. Barger, that your argument is very ingenious. The fact remains that the plaintiff made out, in my opinion, a strong case, and the parties who knew best whether or not they actually committed adultery have not testified. I have no doubt that the defendants are guilty of the charges against them in the bill."

The decree of the lower court is affirmed, at the costs of appellants.