**John R. PEARSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17778.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1963.

Decided Nov. 14, 1963.

Mr. Kevin P. Charles, Washington, D. C., (appointed by this court) for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Barry Sidman, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

In this appeal from conviction for unauthorized use of an automobile and transporting the vehicle in interstate commerce, knowing it had been stolen, the primary question is whether or not this case must be reversed because the defendant was absent from the courtroom during parts of his trial. For an understanding of the situation with which the trial judge was faced, we set forth the record on this point.

After the impaneling of the jury, the defendant being present in court, and

just as the Assistant United States Attorney had launched into his opening statement, the following occurred:

"The Defendant: I want to go back to the bull pen.

"The Court: Sit down and be quiet.

"The Defendant: Let me go to the bull pen while my trial is going on. I don't want to hear this. There will be trouble now. I don't have to hear this trial.

"The Court: Let me tell you, Mr. Defendant, you have to behave yourself.

"The Defendant: Take your hand off me.

"The Court: You have to behave yourself in this courtroom or you will be held in contempt of Court.

"The Defendant: You can give me a year for contempt of Court. I don't want to hear this. This is something being plotted against me. I don't want to hear this charge.

"The Court: Mr. Marshal, he will remain there unless he creates too much of a disturbance. If he does, he will have to be removed from the courtroom.

"The Defendant: I want to be removed right now. In other words, why in the hell would I want to listen to this.

"The Court: Remove him from the courtroom.

(Thereupon, the defendant was removed from the courtroom.)

"Counsel for Defendant: May I approach the bench, Your Honor?

"The Court: Yes.

(At the Bench)

"The Court: When he can quiet down and behave himself, he can come back.

"Counsel for Defendant: I have not been able to control him at any time, Your Honor.

"The Court: I can't have him disrupting the proceedings.

"Counsel for Defendant: There will be no question as to the fact that we can't continue? He has indicated to me that he wants to remain in the bull pen.

"The Court: All right.

"Counsel for Defendant: If that is sufficient for him to be able to waive that—

"The Court: I am sure that when he misbehaves in the courtroom so as to disrupt the orderly proceedings of the Court, he can be removed and the case can proceed. In addition to that, he evidently desires not to be here. I suppose he can waive it. That is what the record shows.

"Counsel for Defendant: Fine, Your Honor."

That ended the bench conference, and the case then continued. The defendant returned to the courtroom later in the trial. But in the midst of the closing argument by the Assistant United States Attorney, the trial was interrupted again by the defendant, as follows:

"The Defendant: I want to go to the bull pen.

"The Court: You are permitted to remain in here if you don't interfere.

"The Defendant: May I go into the bull pen and not hear the rest of this case?

"The Court: You want to go?

"The Defendant: Yes. Sure. I don't want to hear the rest of this case. I don't want to be out here now. I want to go into this insanity thing.

"The Court: All right; if you want to go out, take him out. If he won't behave himself he can't remain.

(Defendant taken out.)"

After the closing arguments and the judge's charge, the jury returned a verdict of guilty. Defendant was duly sentenced, and this appeal followed.

■ In our opinion, it was not a violation of constitutional rights or of Rule

43, Fed.R.Crim.P.,[1] for the trial, under the circumstances of this case, to continue in the absence of the defendant from the courtroom. The trial had "been commenced in his presence." He vigorously expressed aloud his desire to leave the courtroom. The court gave him ample opportunity to change his mind, in spite of the disturbance he was creating. The defendant had competent counsel. He clearly knew of his right to be present. We think he voluntarily waived his right to remain and his absence was "voluntary."

■ In administering criminal justice, the court must conduct its business in an atmosphere of dignity and decorum and there would be neither if the defendant were allowed to disrupt the proceedings in the way this defendant was behaving.

In Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934), in which the accused was denied permission to accompany the jurors, counsel and the judge to the scene of his alleged crime, the conviction was affirmed by the Supreme Court. Writing for the Court, Mr. Justice Cardozo stated:

"We assume in aid of the petitioner that in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. Thus, the privilege to confront one's accusers and cross-examine them face to face is assured to a defendant by the Sixth Amendment in prosecutions in the federal courts * * *. For present pur-

poses we assume that the privilege is reinforced by the Fourteenth Amendment, though this has not been squarely held. * * * In such circumstances also we make a like assumption as to the scope of the privilege created by the federal constitution. Diaz v. United States, supra [223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500]. *No doubt the privilege may be lost by consent or at times even by misconduct.* Diaz v. United States, *supra.*" 291 U.S. at 105–106, 54 S. Ct. at 332, 78 L.Ed. 674. [Emphasis supplied.]

In the case before us, we think the trial judge handled the matter with due regard to the defendant's constitutional rights and to his rights under Rule 43. The court pointed out in his charge to the jury, as is shown by the following excerpt, that in determining the defendant's guilt or innocence his actions in the courtroom should not be considered:

"Now, the defendant has been before you and I want to admonish you not to consider his conduct at all in your determination of his guilt or innocence. You should ignore his conduct because it is not relevant to the issue here involved, namely, the offenses charged against him on September 28 last. So you will put that out of your mind entirely when you come to determine his guilt or innocence."[2]

■ We do not, of course, intimate that the trial court may in all cases proceed without the defendant's presence. If he is in court, with counsel present, he may waive his right to be present by expressly indicating a desire to be absent. In such a case, it may be desirable for the trial judge to inform the defendant

---

1. "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. * * *"

2. We do not wish to be understood as requiring such an instruction in every case; it need be given only when requested by defense counsel.

of the nature of the right to be present and of the possible advantages to him of being present. Cf. Cross v. United States, 117 U.S.App.D.C. ——, 325 F.2d 628 this day.

We have examined the other errors urged on this appeal and find them without merit.

Affirmed.