**Callie NASSIF, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 3405.

District of Columbia Court of Appeals.

Argued March 2, 1964.

Decided June 16, 1964.

Rex K. Nelson, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge.

In a trial without a jury appellant was found guilty on a charge of indecent ex-

posure. After the government had presented its case, which consisted of the testimony of the arresting officer, appellant's counsel announced that he would call a Mrs. Rodriguez as a witness for appellant. At this point the court stated: "If the defendant is going to testify, I want him to testify before this witness." Counsel replied that appellant might not testify, saying: "I actually haven't made up my mind as to that at this time." The court then stated: "I will not permit you to call her until you tell the court whether or not the defendant is going to testify." Again counsel stated he had planned to call the witness first and then decide whether to call appellant, and again the court stated: "I would want the defendant to testify first if he's going to testify at all." Finally appellant's counsel announced he would not call appellant as a witness and he was then permitted to call Mrs. Rodriguez.

The effect of the court's ruling was to require appellant, before calling any witness on his behalf, to elect whether he would testify, and to require him, if he elected to testify, to testify before calling any other witness. The question before us is the correctness of that ruling.

In this jurisdiction it has been held that "the trial court in a divorce case is invested with a broad discretion in respect to the order in which witnesses may be called as well as in other particulars," and that it was not error to require that if the defendant and the correspondent intended to testify they should do so before other witnesses in their behalf were called.[1] Although the language of that case could be construed as limited to divorce cases, presumably it is applicable in all civil cases. It has also been held in this jurisdiction that the order of proof in criminal cases is within the discretion of the trial court;[2] but the order of proof there referred to related to witnesses

1. Coombs v. Coombs, 59 App.D.C. 30, 32, 32 F.2d 421, 423 (1929).

2. Coupe v. United States, 72 App.D.C. 86, 113 F.2d 145 (1940), cert. denied, 310 U.S. 651, 60 S.Ct. 1105, 84 L.Ed. 1417; Mears v. United States, 60 App.D.C. 387, 55 F.2d 745 (1932).

other than the defendant. Some of the text writers, including Wigmore,[3] appear to advocate that the rule should apply to the defendant in a criminal case. We have found only two jurisdictions in which the question has been squarely presented.

In Clemons v. State, 92 Tenn. 282, 21 S.W. 525 (1893), it was held that a defendant in a criminal case was properly denied the right to testify after two other witnesses had testified in his behalf, because the state statute which allowed a defendant in a criminal case to give evidence in his own behalf, gave him the right to testify on condition that he do so before any other testimony for the defense was heard. Obviously that case is distinguishable from the one before us, for no such condition is imposed on a defendant under the federal statute.[4]

In Bell v. State, 66 Miss. 192, 5 So. 389 (1889), it was held error to require an accused, "as a condition upon which he would be permitted to testify at all, to take the stand before examining other witnesses whom he desired to introduce." In the course of its well-reasoned opinion the court stated:

> "It must often be a very serious question with the accused and his counsel whether he shall be placed upon the stand as a witness, and subjected to the hazard of cross-examination, a question that he is not required to decide until, upon a proper survey of all the case as developed by the state, and met by witnesses on his own behalf, he may intelligently weigh the advantages and disadvantages of his situation, and, thus advised, determine how to act. Whether he shall testify or not; if so, at what stage in the progress of his defense, are equally submitted to the free and unrestricted choice of one accused of crime, and are in the very nature of things beyond the control or direction of the presiding judge." (66 Miss. at 194, 5 So. at 389)

We are in full accord with the foregoing, and see need only for this comment. The government in its brief says that in the past seventy-five years Bell v. State has not been followed on even a single occasion by any other court. Our answer is that in its seventy-five years of existence, it has not been disapproved by any other court; and our conclusion is that its reasoning is so sound it has been generally followed in trial courts, and this explains why there are no other cases on the subject in the appellate courts.

Reversed with instructions to grant a new trial.

---

3. 6 Wigmore, Evidence § 1869 (3d ed. 1940).

4. 18 U.S.C.A. § 3481.