**Benjamin Franklin MILLER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4658.**

District of Columbia Court of Appeals.

Argued Nov. 26, 1968.

Decided Feb. 25, 1969.

John Perazich, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Daniel J. Givelber, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING and GALLAGHER, Associate Judges, and QUINN (Associate Judge, Retired).

GALLAGHER, Associate Judge:

After a jury trial, appellant was convicted of simple assault[1] and sentenced to imprisonment for ninety days. Sentence was thereupon suspended and appellant was placed on probation for six months. The sole question presented is the propriety of a ruling by the court below which resulted in appellant's exclusion from the courtroom while defense witnesses were testifying at his trial. We hold this ruling was prejudicial error and we reverse.

---

5. D.C.Code 1967, § 17–305(a).

1. D.C.Code 1967, § 22–504.

At the outset of the defendant's case, the following colloquy occurred:

"Mr. Perazich: As our first witness the defense would like to call Mr. Bing.

"The Court: Step up here for a moment, gentlemen.

(Thereupon, counsel for the parties approached the bench, and conferred with the Court, in a low tone of voice, out of the hearing of the jury, as follows:)

"The Court: If you are going to do it that way, I am going to *have to have the defendant step outside*. That is the purpose of the rule on witnesses. Are you going to put the defendant on at all? If you are going to put the defendant on, I will *insist* you put him on first. There is no purpose in the *rule on witnesses* if you are going to have the witnesses tell their stories *in front of the defendant*. If you want to put the witnesses on first, I *will let you;* but you are going *to have to have* the defendant step outside.

"Mr. Perazich: All right. I prefer to do it that way.

"The Court: Is he on personal bond?

"Mr. Perazich: Yes, he is.

"The Court: *Then have him step outside.*" [2] (Emphasis supplied.)

The court below directed that if the defendant were going to testify, defense counsel must either put the defendant on the stand, as the first defense witness or, if his witnesses were going to testify before him, the defendant must leave the courtroom while they testify. The court gave the defendant two most unfortunate alternatives. It strikes us as a "Hobson's choice."

In Nassif v. District of Columbia, D.C. App., 201 A.2d 519 (1964), the trial court required the defendant, before calling any defense witnesses, to elect whether he would testify and, if so, to testify before any defense witnesses. This court reversed, holding that the decision as to whether a defendant will testify and, if so, at what stage in the defense he will do so, are the unrestricted choices of a defendant in a criminal case and beyond the direction or control of the trial judge. *Id.* at 520. Consequently, in this case the court below had no authority to interfere with the choice of the defendant on when he would testify.

It is even clearer that the trial court had no right to require the defendant to leave the courtroom while his witnesses were testifying,[3] as the price for not testifying as the first witness. There is scarcely any right more fundamental to a criminal defendant than to be present in court while his trial is in progress; and no stage of the trial is more crucial to him than when witnesses are testifying. It is immaterial whether they are prosecution or defense witnesses.

■ This has long been recognized as a constitutional right of a criminal defendant. Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); Diaz v. United States, 223 U.S. 442, 32 S.Ct 250, 56 L.Ed. 500 (1912); Hopt v. Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922). The constitutional right stems from the

2. As it developed, the three principal defense witnesses testified in appellant's absence. He was then allowed to return to the courtroom and testify. The defense concluded with a character witness and a witness who aided defense counsel in his investigation of the case. Appellant was permitted to hear these witnesses.

3. There was no misconduct in the courtroom by appellant as in Pearson v. United States, 117 U.S.App.D.C. 52, 325 F.2d 625 (1963).

fifth and sixth amendments to the Constitution. *Diaz, supra; Hopt, supra.*[4]

The court below doubtless had these considerations in mind when it adopted its Criminal Rule 23[5] which provides:

> The defendant has the *right to be present* at the arraignment, *at every stage of the trial* including the impaneling of the jury and the return of the verdict, and at the imposition of sentence. The defendant's voluntary absence after the trial has commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In cases *punishable* by fine or *by imprisonment for not more than one year* or both, the Court, *with the written consent of the defendant* that counsel shall act for him, *may permit* arraignment to be had and a plea of not guilty to be entered or *the trial to be conducted in the absence of the defendant.* (Emphasis supplied.)

Here, there was no written consent by the defendant to the testimony of the witnesses in his absence as required by the Rule, nor was his consent requested. The court's directive took place at the bench and outside the defendant's earshot. Absent misconduct, a criminal defendant should never be banished from the courtroom while his trial is in progress. Contrary to the Government's contention, the failure of appellant's counsel to argue to the trial court that it had no authority to issue such an order does not negate the error committed. Counsel was directed to accept one of two invalid alternatives, neither of which the court could properly propose, let alone require. Furthermore, the right to be present rests with the defendant personally and only he may waive it.[6]

It appears from the colloquy quoted above that the trial court's action was motivated by an attempt to encompass the defendant within the rule on sequestration of witnesses,[7] whereby they are excluded from the courtroom prior to their testimony so as to insure that the testimony of each witness will not be affected by what he might have heard from the testimony of a prior witness. That the purpose of the rule on sequestration of witnesses should not be equated with the right of a criminal defendant to be present in the courtroom at his trial scarcely needs discussion. In the former instance the defendant ordinarily has no rights and in the latter his rights are fundamental.

■ The Government contends that assuming *arguendo* there was error, no reversal is required since appellant has not shown that prejudice resulted to him from his absence during the trial. Even if we were to agree that prejudice must be established here, which we do not, it would be the Government's burden, not appellant's to establish lack of prejudice since a constitutional deprivation is involved. In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), involving comment by the prosecutor on defendant's failure to testify, the Supreme Court held that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt and it is the burden of the Government to establish the basis for this belief. *Id.* at 24, 87 S.Ct. 824.

■ This holding in *Chapman* is distinguishable here because while all trial

---

4. See also Fed.R.Crim.P. (First Preliminary Draft 1943), Rule 45 (Notes), which recognizes the right of a criminal defendant to be present at his trial under these amendments. That Rule became Rule 43 Fed.R.Crim.P.

5. GS Rule 23 (Crim.).

6. See Rule 23, *supra* note 5.

7. GS Rule 33 (Crim.).

errors which violate the Constitution do not necessarily require automatic reversal "there are some constitutional rights so basic to a fair trial that their infraction *can never be treated as harmless error."* [8] *Id.* at 23, 87 S.Ct. at 827. (Emphasis added.) This is such a case. No subsequent decisions interpreting the *Chapman* holding that some trial errors involving constitutional deprivations do not necessarily require reversal [9] persuade us that this should apply here. We view appellant's right to be present in court while witnesses were testifying as so fundamental to a fair trial that we will not pause to consider whether its infraction caused prejudice, if indeed this could be ascertained reasonably. It would be a dangerous precedent if the right of a criminal defendant to be present at his trial while witnesses are testifying might be safely abrogated by trial court initiative should it later develop that the prosecution's case was extremely strong or the defense case very weak, or a combination of both.

The alternatives imposed by the trial court upon appellant's counsel were beyond its authority and the result cut deeply into appellant's basic rights.

Reversed and remanded for a new trial.

---

8. *See, e. g.,* Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963) (coerced confession) ; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (right to counsel at arraignment) ; Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (right to unbiased judge).

9. *See, e. g.,* Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305 (1967) (privilege against self-incrimination) ; United States v. Leighton, 386 F.2d 822 (2d Cir. 1967) (consultation with attorney) ; Wilson v. Anderson, 379 F.2d 330 (9th Cir. 1967) (comment on defendant's failure to testify) ; Watkins v. United States, D.C.App., 240 A.2d 656 (1968) (joint representation by counsel).