UNITED STATES of America,
Appellee,

v.

Guillermo ARRIAGADA, Appellant.

No. 71–1161.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1971.

Decided Nov. 30, 1971.

Benjamin Lipsitz, Baltimore, Md. (Court-appointed counsel) (Sol J. Friedman, Baltimore, Md., on the brief), for appellant.

James E. Anderson, Asst. U. S. Atty. (George Beall, U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, BUTZNER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge:

The appellant, along with one Jelvez, was charged in a two-count indictment with the crimes of transporting narcotic drugs conspiring to transport narcotic drugs, and of aiding and abetting. Section 174, 21 U.S.C.; Section 2, 18 U.S.C. At trial, he was convicted on the con-

spiracy count (second count) but a mistrial resulted in connection with the transporting and "aiding and abetting" count (first count). Jelvez, appellant's co-defendant, was convicted on both counts. Appellant has appealed. We affirm.

Appellant's first claim of error involves an alleged impropriety in an exchange of communications between the Court and the jury, had while the jury was engaged in its deliberations, without the presence of the appellant or his counsel. This exchange took place some three hours after the jury had begun its deliberations. The jury, through its foreman, sent a note to the District Judge, inquiring whether "aiding and abetting" was a part of the charge under count 1 or count 2. To that specific inquiry, the Court replied tersely that "Mr. Foreman, Aiding and Abetting is part of Count 1 and not of Count 2. Count 2 is the conspiracy count." Such reply was in strict and exact conformity with the charge theretofore given the jury on this issue in the presence of the appellant and his counsel. About ten minutes before calling counsel to the Court Room, the Court had received a second written note from the foreman, reporting that the jury had reached agreement on one count of the indictment but was unable to agree as to one defendant on the other count. At this point, the District Court, in open court, advised counsel and the defendants of the two communications received by him from the jury and of his reply to the first. No exception was voiced by either the appellant, his counsel or the Government, to the action of the Court in receiving and replying to the first inquiry from the jury. After some discussion, the jury was brought in and its verdict,

convicting the appellant on the second count and resulting in a mistrial on the first count, was published.

■■■■ Rule 43, Federal Rules of Criminal Procedure, requires the presence of the defendant at "every stage of the trial". Such rule, manifestly proscribing any communications by the Court with the jury, whether before or after it has begun its deliberations, without the presence of the defendant, has properly been described as "a salutary provision" which should be scrupulously observed by trial judges. Any departure from the rule is error and, "unless the record completely negatives any reasonable possibility of prejudice arising from such error", mandates a new trial. Jones v. United States (10th Cir. 1962) 299 F.2d 661, 662, cert. den. 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed.2d 101. "However, deprivation of the right of presence guaranteed by Rule 43, with the consent of counsel or even without it, is subject to the rule of harmless error provided in Rule 52(a)." United States v. Schor (2d Cir. 1969) 418 F.2d 26, 30.[1] To quote the striking language of Judge Learned Hand, this rule, " * * * like other rules for the conduct of trials, it is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm has been done, it would be the merest pedantry to insist upon procedural regularity." United States v. Compagna (2d Cir. 1944) 146 F.2d 524, 528, cert. denied 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422, reh. den. 325 U.S. 892, 65 S.Ct. 1084, 89 L.Ed. 2004. Professor Wright arrives at the same conclusion: "When all of the circumstances about the communications are known, and when it can be said 'with certainty that no harm has been done,' it would be

1. See, also, Chapman v. California (1967) 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705, reh. den. 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241; Ware v. United States (7th Cir. 1967) 376 F.2d 717, 719, Note 6; Bacino v. United States (10th Cir. 1963) 316 F.2d 11, 14, cert. den. 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62; Walker v. United States (1963) 116 U.S.App.

D.C. 221, 322 F.2d 434, 435, cert. den. 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421. In the last cited case, Judge Miller added:

"Practically all cases holding that a violation of Rule 43 is reversible error involved situations where it was decided there was resultant prejudice or a reasonable possibility thereof."

insisting on form to reverse." Federal Practice and Procedure, vol. 3, p. 203 (1969).

■ While it was error for the District Court to receive and answer the inquiry of the jury without the presence of the appellant, it is clear beyond a reasonable doubt that the error was harmless. Like the inquiry of the juror in *Jones, supra* (299 F.2d at p. 662), the question asked by the jury of the judge was one "of law, not fact", and had been "adequately covered by the court's instructions given earlier in the appellant's presence." The Court gave a direct answer in exact conformity with his prior charge, which had been given in the presence of the appellant.[2] The answer went no farther and was no more than "what they (the jury) had already been given." See Downing v. United States (5th Cir. 1965) 348 F.2d 594, 601, cert. denied 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155. It was neither confusing nor misleading, as the inquiry and answer were in Holmes v. United States (4th Cir. 1960) 284 F.2d 716, 718, 97 A.L.R.2d 782 and Rice v. United States (8th Cir. 1966) 356 F.2d 709, 717. Actually, the exchange between the Court and the jury in this case was similar in many particulars to that between the Court and the jury, after the jury had retired for deliberation, in Smith v. United States (D.C.Md.1967) 277 F. Supp. 850, 860–2, note 6, aff. 342 F.2d 525, where the Court found harmless error. This finding of harmless error in *Smith*, Professor Wright describes as "surely right". Wright, *supra*, p. 204, note 47. Moreover, the conduct of the District Judge in this case is no different in principle from that of the Court in United States ex rel. Shapiro v. Jackson (2d Cir. 1959) 263 F.2d 282, where,

after the jury had begun its deliberations, the Court permitted the reading to the jury of the testimony of three witnesses while the defendant was not present. Finally, the conclusion of harmless error is confirmed by the failure of the appellant, through his counsel, to raise any objection until after verdict, and by the verdict of the jury in this case. Had it appeared to the appellant or his counsel that the action of the District Court involved any prejudice, objection would have been promptly entered by the appellant and not tardily raised after verdict.

The appellant's other claims of error relate to the insufficiency of the evidence and the impropriety of his arrest. A careful review of the record shows that these claims are without merit.

Affirmed.

2. See Outlaw v. United States (5th Cir. 1936) 81 F.2d 805, 809, cert. den. 298 U.S. 665, 56 S.Ct. 747, 80 L.Ed. 1389:
"If the judge in this case had delivered any objectionable or even any new instruction to the jury, (without the presence of the defendant) we would be prepared to hold that denial of the opportunity to hear it and to take exception to it ought to work a new trial. Because it clearly appears that the jury got only exactly what had already been given them *without objection* and in a form usual in Texas and not now complained of, we think no substantial right was infringed, and the error in procedure may be regarded as a technical one."