Isaac **ROBERTS**, Appellant,

v.

**UNITED STATES**, Appellee.

Dorothy Mae **HILL**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 13217, 13270.

District of Columbia Court of Appeals.

Argued March 13, 1979.

Decided May 30, 1979.

Michael B. Waitzkin, Public Defender Service, Washington, D. C., for appellant Roberts.

Ronald E. Tucker, Washington D. C., for appellant Hill.

David S. Krakoff, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and Mary Ellen Abrecht, Asst. U. S. Attys., Washington, D. C., were on brief, Michael W. Farrell and Charles L. Hall, Asst. U. S. Attys., Washington, D. C., for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Appellants were charged jointly with armed robbery, D.C.Code 1973, §§ 22–2901, –3202, and robbery, D.C.Code 1973, § 22–2901, and with separate counts of assault with a dangerous weapon, D.C.Code 1973, § 22–502. The trial lasted two days; the jury deliberated for about one day. It returned a verdict of guilty on the assault charge, but could not come to a unanimous verdict on the other charges. The court declared a mistrial as to those charges, which were then dismissed.

At some points during the deliberations, the jury sent two notes to the court. The first note read, "Could you please clarify or repeat the 6 elements involved in the charge of Armed Robbery." No response to this note is apparent in the record. The second note read, "(1) Clarify self-defense in reference to the charge of Assault. (2) The jury needs to re-hear the testimony of Officer Quick (with the D.C. Metropolitan Police Dept.)." The court replied with a handwritten note stating, "You may replay the tape instruction as to the offenses. With respect to your request for a rehearing of testimony, you must depend upon your own recollection of the testimony." The court never informed appellants or their counsel of the notes and did not consult with them before responding to the second note.

Counsel first learned of the second note when they arrived at the courtroom to receive the jury's verdict. Roberts' counsel objected "to the practice of taking jury notes without the presence of counsel." Hill's counsel joined in the objection. The court responded, "There was no necessity of the presence of counsel. The jury wrote a note to me; I wrote an answer to it. The note is in the record." After a short colloquy between the court and counsel, the jury returned and declared its verdict. The first note was discovered in the court jacket by appellant Roberts' appellate counsel.

Appellants argue that the trial court's failure to notify and consult with them and their trial counsel before responding to the notes constitutes reversible error. We agree.

■ It cannot be denied, and indeed the government does not deny, that it was error for the trial judge, outside of the presence of appellants, to receive and respond to a note from the jury. *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); *Bollenbach v. United States*, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946); *Shields v. United States*, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927); *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919); (civil case, applied to a criminal case in *Shields, supra*); *Smith v. United States*, D.C.App., 389 A.2d 1356 (1978); *Walker v. United States*, 116 U.S.App.D.C. 221, 322 F.2d 434 (1963), *cert. denied*, 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964). The question is whether the error prejudiced appellants.

■ Error, such as that which we address here, can be considered insufficient to require reversal where "the record shows with reasonable certainty that it did not prejudice the defendant's substantial rights." *Walker v. United States, supra* 116 U.S.App.D.C. at 222, 322 F.2d at 435. The key "substantial right" is, at essence, the right to a fair trial by a jury of one's peers. U.S.Const. amend. VI; Super.Ct. Cr.R. 43(a). Although it is generally agreed that a court's unilateral response to a note from the jury can, under some circumstanc-

es, constitute harmless error, such can be the case only where the error does "not touch the substance of the standards by which guilt is determined . . . ." *Bollenbach v. United States, supra* 326 U.S. at 615, 66 S.Ct. at 406.

■ Faced with a finding of error, it is incumbent upon the government to prove that the error was harmless. We therefore view the record to determine if the court's response to the jury's note was correct, *see Fillippon v. Albion Vein Slate Co., supra* 250 U.S. at 82, 39 S.Ct. 435, whether it was confusing or ambiguous, and whether it was complete, *see United States v. Arriagada*, 451 F.2d 487 (4th Cir. 1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972). Of course, if the error can be considered anything other than facially benign, it cannot be harmless.

■ In terms of correctness, we cannot find that the court's response to the jury's note was incorrect. As in *Arriagada, supra*, the court did nothing more than tacitly repeat what it had stated in its earlier instruction.

The response was, however, confusing, and it fell short of adequately meeting the jury's request. Indeed, appellant argues that the response was so ambiguous as to highlight the government's case rather than reinstruct the jury on self-defense.

The jury asked to be reinstructed on self-defense. We can therefore infer that the jury was having some difficulty determining that issue. The court responded that the jury may listen to the tape of the instructions "as to the offenses." A reasonable juror so instructed could have taken the response as a warrant to listen to all of the instructions, just the instructions on self-defense, just the instructions on the elements of the crime, or any other of a number of reasonable interpretations. The trepidation and confusion engendered by such a vague response may even have caused the jury to abandon its inquiry altogether. Given our knowledge that the trial court did not inform counsel of the existence of two jury notes, we cannot be sure

that the jury did not seek further guidance. Moreover, appellants, while conceding that the initial instruction was correct, argue that they should have been given the opportunity to argue in favor of an alternative instruction. In the face of so many unanswered questions, we cannot say that appellants' substantial rights were not prejudiced.

The government argues two additional bases for a finding of harmless error. First it argues that the evidence against appellants was so overwhelming as to make the error insubstantial. The Supreme Court noted, however, that

> the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials . . . . [*Bollenbach v. United States, supra* 326 U.S. at 614, 66 S.Ct. at 406.]

Given the sentiment and the jury's inability to convict appellants on all counts, we reject this first argument by the government.

█ The government's second contention is that appellants' failure to object to the court's response to the jury's note places a greater burden on appellants. For that proposition, they rely on *United States v. Diggs*, 173 U.S.App.D.C. 95, 522 F.2d 1310 (1975), *cert. denied sub nom. Floyd v. United States*, 429 U.S. 852, 97 S.Ct. 144, 50 L.Ed.2d 127 (1976), and *United States v. Arriagada, supra.*

Initially we note that appellants did object to the court's action, and they objected before the announcement of the verdict. Appellant Roberts' counsel announced, "I just want to object to the practice of taking jury notes without the presence of counsel." Appellant Hill's counsel joined in the objection. The government offers that an objection to "the practice" is not the same as an objection to a specific act. The government offers no authority for the distinction, and we can find none.

This case is not like *Diggs* and *Arriagada.* In each of those cases, the court found an indication of the absence of prejudice by virtue of defendant's failure to object until after the jury returned a verdict. *United States v. Diggs, supra* 173 U.S.App.D.C. at 105, 522 F.2d at 1320; *United States v. Arriagada, supra* at 489. As noted above, appellants presented their objection before the jury had announced its verdict. Arguably, since the jury had come to a decision and was about to announce its verdict when the objection was made, little could be done at that time to rectify the error. Appellants, however, had made their record and cannot be charged with the laxity of such appellants as those in *Diggs* and *Arriagada.*

Since the existence of error is uncontroverted, and since we find the error to have prejudiced appellants' trial, we hold that the judgments appealed from are

*Reversed and the case remanded for a new trial.*