**Larry C. BLACK, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–968.

District of Columbia Court of Appeals.

Argued Dec. 1, 1986.
Decided Aug. 12, 1987.

Blair Brown, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Larry R. Parkinson, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., and Gerald W. Heller, Asst. U.S. Attys., were on the brief, for appellee.

Before PRYOR, Chief Judge, MACK, Associate Judge, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

This case returns to us after having been remanded by the court for further proceedings in the trial court on the question of whether appellant's absence during part of his trial was in fact voluntary. *Black v. United States*, 506 A.2d 1130 (D.C.1986). As stated in our opinion ordering remand, the Sixth Amendment of the Constitution guarantees a criminal defendant the right "to be confronted with the witnesses against him...." U.S. Const. amend. VI. Under Super.Ct.Crim.R. 43, a defendant's presence at trial is required unless he "voluntarily absents himself." Super.Ct. Crim.R. 43(b)(1). Before appellant's absence may be construed as voluntary, it must be shown he made "an intentional relinquishment or abandonment of a known right or privilege." *Taylor v. United States*, 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174 (1973) (quoting *Johnson v.*

# 324

*Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

Appellant failed to arrive in court on the day of trial in question until 11:10 a.m. On the preceding trial date, appellant had been given notice to return to court at 9:30 a.m. Appellant had not previously been late for any day of the four-day trial. In addition, the trial judge's chambers received a telephone call on the morning in question indicating that appellant had to use public transportation to get to the courthouse because someone had taken the battery from appellant's automobile. Appellant's trial counsel informed the trial judge of the facts and noted her objection to proceeding without appellant being present. At 9:45 a.m., the trial judge resumed the trial in appellant's absence after waiting for appellant only fifteen minutes.[1] Testimony of rebuttal witnesses was heard and jury instructions were discussed. The trial court never instructed the jury as to the appellant's absence. No determination about the voluntariness of appellant's absence was made at trial.

On remand from this court, the trial court found after a hearing that appellant "did not voluntarily absent himself from trial.... But like so many, many others, including lawyers and judges, he was confronted with a happenstance which was not of his making. His automobile would not go ... the ignition failed to function.... And I am satisfied that he made his best effort to get to court. And, indeed, got to court as best he could."

Although we have in some cases applied a harmless error test to violations of the defendant's right to be present, none of those cases have involved circumstances in which the defendant has been absent during the testimony of witnesses. *See, e.g., Harris v. United States*, 489 A.2d 464, 469 (D.C.1985) (defendant absent during reading of testimony to jury); *Robinson v. United States*, 448 A.2d 853 (D.C.1982) (defendant excluded from bench voir dire of prospective jurors); *Roberts v. United States*, 402 A.2d 441, 443 (D.C.1979) (judge's communication with jury outside presence of defendant); *Hazel v. United States*, 353 A.2d 280, 282–83 (D.C.1976) (exclusion of disruptive defendant from closing argument and jury instructions).

■ The distinction is one which makes a difference in our review in this case. In undertaking harmless error analyses in cases involving absent defendants, we have explicitly distinguished between violations of the right of presence in which Fifth and Sixth Amendment rights are implicated, and violations in which those constitutional rights are not involved. *See Boone v. United States*, 483 A.2d 1135, 1140 n. 7 (D.C.1984) (en banc); *Quarles v. United States*, 349 A.2d 690, 691 n. 3 (D.C.1975). The error is far more egregious where, as here, a defendant's rights to due process, confrontation, and effective assistance of counsel are all implicated.

As we stated in *Miller v. United States*, 250 A.2d 573 (D.C.1969):

There is scarcely any right more fundamental to a criminal defendant than to be present in court while his trial is in progress; and no stage of the trial is more crucial to him than when witnesses are testifying. * * * [W]hile all trial errors which violate the Constitution do not necessarily require automatic reversal "there are some constitutional rights so basic to a fair trial that their infraction *can never be treated as harmless error.*" [*Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967) ] (Emphasis added.) This is such a case.... We view appellant's right to be present in court while witnesses are testifying as so fundamental to a fair trial that we will not pause to consider whether its infraction caused prejudice, if indeed this could be ascertained reasonably. It would be a dangerous precedent if the right of a criminal defendant to be present at his trial while witnesses are testifying might be safely abrogated

---

1. Because the trial court had been notified by telephone that appellant would be late in arriving previous to the time he was due in court, we do not reach the question of whether, under different circumstances, had the trial judge waited a more reasonable period of time, we would consider the court's decision to proceed an abuse of discretion.

by trial court initiative should it later develop that the prosecutor's case was extremely strong or the defense case very weak, or a combination of both. *Id.* at 574–76.

In our Order of October 21, 1986, we asked what effect, if any, recent Supreme Court pronouncements on "harmless error," *Rose v. Clark,* — U.S. —, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), and *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), would have on this case. Appellant points out, and we agree, that in both of those decisions, the Supreme Court continued to acknowledge that statement in *Chapman, supra,* as quoted in *Miller* above, that "some constitutional errors require reversal without regard to the evidence in the particular case." *See Rose, supra,* 106 S.Ct. at 3106; and *Van Arsdall, supra,* 106 S.Ct. at 1437.[2]

The findings of the trial court on remand explicitly established that the absence of the defendant during the testimony of wit-

nesses was involuntary. Under the circumstances of this particular case, the trial judge clearly should have waited longer for the defendant to appear, as the caller said he would on the telephone. Because the trial court had not done so, the defendant was not in the courtroom during the testimony of two government witnesses, discussions between the bench and both counsel regarding jury instructions, and a portion of the prosecutor's closing arguments.

Consequently, the error in this case cannot be considered harmless, *Chapman, supra,* 386 U.S. at 23, 87 S.Ct. at 827; *Miller, supra,* 250 A.2d at 574–75.

Accordingly, the judgment on appeal is *Reversed.*

**2.** Neither Supreme Court case deals specifically with a defendant's absence from trial. *Rose* dealt with an impermissible shift in the burden of proof, which resulted from a defective instruction to the jury. *Van Arsdall* dealt with a trial court's restriction on cross-examination of a government witness for bias.