833 F.2d 1006
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance MAYO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald SIMPSON, Defendant-Appellant.
 Nos. 86-5687, 86-5688.
 United States Court of Appeals, Fourth Circuit.
 Nov. 25, 1987.
 
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and WILKINSON, Circuit Judges.
 (Robert Stanley Powell, Richard Rau, on brief), for appellants.
 (Henry E. Hudson, United States Attorney, David S. Cayer, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Terrance Mayo and Gerald Simpson, each convicted by jury of assault with a deadly and dangerous weapon on a prison guard, appeal their convictions on the grounds that the evidence was insufficient and that they were not present in the courtroom when the trial judge defined "assault" and "deadly weapon" in response to a question from the jury. We find that the evidence was sufficient to support the convictions and that the trial court's definition of those terms, outside the presence of Mayo and Simpson, but with the presence of their counsel, was harmless error.
 
 
 2
 The victim, Curtis Harmon, a guard at the Lorton, Virginia correctional facility, testified that Mayo and Simpson were uncooperative during visitation and threw their ID cards at him when he requested the cards for the purpose of writing up a disciplinary report. Harmon testified that Mayo and Simpson then left the visiting hall and returned carrying bricks, and that Mayo said, "I got something for you. You think you are bad." Harmon further testified that Mayo and Simpson then forcefully threw bricks at him from a distance of four or five feet, narrowly missing his head. One brick hit another guard. The guard who was hit testified that Mayo and Simpson threw three bricks overhand trying to hit Harmon. A third guard, also in the visiting hall at the time of the incident and located half a foot from Mayo and Simpson, testified that he saw them throw the bricks overhand at Harmon.
 
 
 3
 The applicable test for sufficiency of evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the government, could have found the defendant guilty beyond a reasonable doubt. United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir.1986) (quoting United States v. Jones, 735 F.2d 785, 791 (4th Cir.), cert. denied, 469 U.S. 918 (1984); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982)). The testimony of three eyewitnesses who were in close proximity to the incident, showing that potentially lethal objects were intentionally thrown at Harmon, is a sufficient basis for a jury to conclude that Mayo and Simpson were guilty.
 
 
 4
 Fed.R.Crim.P. 43(a) requires that a defendant be present at all phases of his trial. Rogers v. United States, 422 U.S. 35 (1975). In Rogers the jury foreman inquired whether the trial judge would accept a verdict of "[g]uilty as charged with extreme mercy of the Court," and the trial judge, without notifying the defendant or his counsel, sent back a note answering the inquiry in the affirmative. Id. at 36. The Supreme Court held that the jury's inquiry should have been answered "in open court" and that the judge should have afforded defense counsel an opportunity to be heard before answering. Id. at 39. Violations of Rule 43 are, however, subject to the harmless error rule. United States v. Arriagada, 451 F.2d 487 (4th Cir.1971). In Arriagada the judge gave a legal, not factual, answer to a jury question in exact conformity with his prior charge, outside the presence of counsel or defendant, and the defense did not object until after the verdict. Id. at 488-89. In the instant case, defense counsel were present when the judge answered the question and did not object to their clients' absence. The question involved a legal definition, and it is unlikely that the defendants' presence would have altered the answer given. The defendants' absence was harmless error.
 
 
 5
 We affirm the judgment below. Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, we dispense with oral argument.
 
 
 6
 AFFIRMED.