## CLEMONS *v.* STATE.

### (*Nashville.* February 23, 1893.)

1. WITNESS. *Defendant in criminal case must testify as first witness for defense.*

   Unless the defendant in a criminal case testifies on his behalf "before any other testimony for the defense is heard," his testimony cannot be heard at all. The rule requiring him to testify first for the defense is imperative, and admits of no exception. Oversight of counsel affords no reason for relaxation of the rule.

   Act construed: Acts 1889, Ch. 79.

2. CRIMINAL PRACTICE. *Verdict of guilty sufficient, when.*

   A verdict of guilty in a robbery case is sufficient in these words, to wit: "The jury, on their oaths, do say that the said George Clemons is guilty, in manner and form as charged in the bill of indictment, and fix his punishment at five years' confinement." The omission to name the place of confinement is not material, that being supplied by the law.

3. SAME. *Same. Judgment.*

   And such verdict authorizes judgment that the defendant "be confined in the penitentiary of the State of Tennessee, at hard labor, for five years."

4. INDICTMENT. *For robbery sufficient, when.*

   An indictment for robbery, sufficient in other respects, is good, although it contains no averment of ownership of the property taken.

   Code construed: ¿ 5380 (M. & V.); ¿ 4631 (T. & S.).

   Case cited and approved: State *v.* Swafford, 3 Lea, 162.

5. TERM OF IMPRISONMENT. *Begins from date of affirmance.*

   A convict's term of imprisonment, where he takes an appeal, begins from the date of affirmance in this Court, and not from date of judg-

Clemons v. State.

ment in lower Court. There is no authority to imprison him in the penitentiary pending the appeal, even with his consent.

FROM HOUSTON.

Appeal in error from Circuit Court of Houston County. A. H. MUNFORD, Judge.

J. W. RICE, S. J. TAYLOR, and J. S. LEE for Clemons.

Attorney-general PICKLE for State.

CALDWELL, J. The plaintiff in error, George Clemons, is under sentence for robbery. His counsel insist upon a reversal and new trial for several reasons:

*First.*—After the State's evidence was closed, and two witnesses—Virgie Brown and Lou Brown—had been examined in behalf of the defendant, his counsel offered to put him on the stand as a witness for himself, "stating that he had intended introducing defendant as a witness, but by oversight had failed; that it, for the time, escaped his mind, and he never thought of it till Lou Brown was testifying; and that defendant would not testify on any subject that his two witnesses had testified on." That offer of counsel, though supported by his affidavit, was refused, and the de-

fendant was not permitted to testify. That action of the Court is now assigned as error.

The ruling of the Court was right. The only authority in this State for allowing a defendant in a criminal case to give evidence in his own behalf is found in Chapter 79 of the Acts of 1887; and that statute gives him the right to testify (Section 1) only *on condition* that he "shall do so before any other testimony for the defense is heard by the Court trying the case." Sec. 2.

The terms of the statute are so plain as to admit of but one construction; they are imperative, and must be enforced by the Courts in every case. The provision is that the defendant may be the *first* witness in his own behalf, but not the *second, third,* or *fourth*. He may testify at one particular stage of the case, but at none other, under any circumstances. This is the rule established by the positive words of the Act. The Legislature made no exception; the Courts can make none.

It follows that the defendant in the case at bar was not entitled to be heard at the time he was offered as a witness, and that the action of the trial Judge in refusing to permit him to testify was correct.

*Second.*—The verdict was in these words:

"The jury, on their oaths, do say that the said George Clemons is guilty, in manner and form as charged in the bill of indictment, and fix his punishment at five years' confinement."

Clemons *v.* State.

Upon that verdict the Court pronounced sentence, and adjudged that the defendant "be confined in the penitentiary of the State of Tennessee, at hard labor, for five years."

It is insisted that the judgment was unauthorized, because it did not follow the verdict, and that the verdict was of no effect because it did not state the place of confinement.

Neither of these objections is well taken. The verdict, though not so full as usual, was valid in form. A recital of the place of confinement was not indispensable to its validity. The law supplied the place, as all confinement for more than twelve months must, by statute, be in the penitentiary.

It was proper therefore for the Court, in the judgment, to state the place of confinement; and, in doing so, he did not depart from the verdict. The judgment pronounced by the Court was the proper judgment of the law upon the verdict as rendered.

*Third.*—It is insisted that the Court should have allowed defendant's motion in arrest of judgment, and discharged him, and that this Court should now do what the Court below failed to do in that respect.

This action is asked upon the proposition that the indictment, on which the conviction was had, is fatally defective, in that it does not state the ownership of the property charged to have been taken.

The averment of the indictment is that the de-

fendant, at a certain time and place, "unlawfully, willfully, and maliciously made an assault in and upon the body of one James Lockhart, and then and there feloniously and forcibly did take from the person of the said James Lockhart, a pocket-book and twenty cents in silver coin, of the value of two dollars, by violence and by putting him, the said James Lockhart, in fear, to the evil example of all others in like case offending, and against the peace and dignity of the State."

From this quotation it is seen, at once, that the ownership of the property alleged to have been taken from James Lockhart is not laid in him, or in any other person. As to the matter of owner-ship, further than is to be inferred from the pos-session, the indictment is entirely silent.

Is that a fatal defect? We think not.

The statute declares that "robbery is the felo-nious and forcible taking from the person of an-other, goods or money of any value, by violence or putting the person in fear." Code (M. & V.), § 5380.

And the indictment here contains all the words of the statute, or their full equivalent, and more besides.

In *State* v. *Swafford*, 3 Lea, 162, this Court held that an indictment for robbery under the Code is good if it charge the offense in the words of the statute defining it. It is true the indict-ment adjudged to be good in that case, laid the ownership of the property taken in the person

from whom taken; but no importance was attached
to that fact in the decision of the case. In the
conclusion of the opinion in that case, the Court
said: "The essential ingredients of the offense are
the felonious and forcible taking from the person
of another of goods of value by violence." The
reasoning of the Court in that case is conclusive
of this one.

*Fourth.*—Having disposed of the other matters of
complaint orally, and finding no error in the rec-
ords, the judgment will be affirmed, with costs.

*Fifth.*—The defendant now asks that his term
of imprisonment be adjudged to have commenced
at the time of the judgment in the Court below.

The record recites that the defendant prayed
and obtained an appeal from the judgment below,
and that he thereupon "proposed to go at once
to the penitentiary to serve on his time till the
meeting of the Supreme Court;" that "the Court
declined to order the defendant to the penitentiary
without he abandoned his appeal, because there
was no warrant under the law to hold a person
in the penitentiary, except under final judgment;"
and that "the defendant refused to abandon his
appeal."

The action of the trial Judge was right, and
is sustained by the reason he assigned at the
time.

The end sought by the defendant could have
been accomplished, as is sometimes done, by sub-
mitting to the judgment of the lower Court with-

out appeal, and bringing the record into this Court by writ of error. Having failed to pursue that course, defendant's term must begin as that of any other plaintiff in error whose conviction is affirmed in this Court.