SAM ARNOLD *v.* THE STATE.

(*Nashville.* December Term, 1917.)

1. **CRIMINAL LAW.** Testimony by accused. Rebuttal.

One accused of assault with intent to murder, having testified in his own behalf, and the State having produced testimony that he offered to pay $500 if the prosecution were dismissed, should have been allowed in rebuttal to contradict such testimony. (*Post, p.* 676.)

Acts cited and construed: Acts 1887, ch. 79.

Case cited and approved: Clemons v. State, 92 Tenn., 282.

2. **CRIMINAL LAW.** Appeal.

Error in denying him the right so to testify was prejudicial. (*Post, p.* 676.)

FROM BEDFORD.

Appeal from the Criminal Court of Bedford County.—JNO. E. RICHARDSON, Judge.

J. D. MURPHREE, W. P. COOPER and J. M. ANDERSON, for Arnold.

JOSHUA BARTON, Assistant Attorney-General, for the State.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The plaintiff in error was convicted of assault with intent to commit murder in the second degree upon the body of one D. H. Sneed.   He has appealed to this court and assigned errors.   There was much testimony for the State and for the plaintiff in error tending to show guilt and self-defense upon the part of each.   The prosecutor Sneed testified in substance, among other things, that plaintiff in error and his attorney came to the office of Sneed's attorney, and there a proposition was submitted to the effect that if Sneed would drop the prosecution plaintiff in error would pay him the sum of $500.   This was in rebuttal. After Sneed had so testified, counsel for plaintiff in error recalled him for the purpose of rebutting this statement of the prosecutor.   Upon exception by the State, the trial judge declined to permit plaintiff in error to testify in rebuttal, stating that this court had held in a late decision that a defendant cannot be recalled for any purpose after he has first testified and has been cross-examined and after other witnesses have been introduced.   The plaintiff in error would have testified that he did not offer Sneed the sum of $500 to compromise the case, and made no promise that he would get up the $500, and that his only proposition was that the case be dismissed and all past differences between him and the prosecutor be settled; whereupon the prosecutor agreed to dismiss the case if Arnold would pay the sum of $500, which he refused to do.

We think the refusal of the trial judge to permit plaintiff in error to rebut the statement of the prosecutor by his own testimony was reversible error. No case is cited on the brief of the State holding in substance or to the effect as the learned trial judge seemed to think. The only case cited is the case of *Clemons* v. *State,* 92 Tenn., 282, 21 S. W., 525. That case is not authority for the holding of the court below. It dealt solely with the case of a defendant testifying in his own behalf under chapter 79, Acts 1887, and referred to his testimony in chief. We think it was not intended by the legislature that a defendant in a criminal case should be permitted to testify in his own behalf and not be permitted to rebut testimony against him which was offered by the State after he had taken and left the witness stand.

*Clemons* v. *State,* supra, was the case of a defendant's right to testify at all under the statute. It was held in that case that if he elected to testify in his own behalf, he must do so before any other witness was offered in his defense. This is the express words of the statute allowing him to testify, but it does not refer to rebuttal testimony offered to contradict statements made by the prosecutor or other witnesses for the State after the defendant has been on the stand.

The matter testified to by the prosecutor, and which plaintiff in error was not permitted to rebut, was very material and very injurious to him. For this error, the case must be reversed and remanded for a new trial.