LARRY E. HARVEY, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

468 S.W.2d 73

(*Knoxville,* September Term, 1970.)

Opinion filed June 21, 1971.

ROBERT J. SHOCKEY, Chattanooga, for plaintiff-in-error.

DAVID M. PACK, Attorney General, W. COLLINS BONDS, Assistant Attorney General, Nashville, State of Tennessee, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case comes to this Court by order of transfer from the Court of Criminal Appeals on the ground that the sole question presented is the constitutionality of a statute, to-wit: T.C.A. sec. 40-2403—Failure of defendant to testify—Order of testimony—.

During the course of this opinion the parties will be referred to as they appeared in the court below; that is, Larry E. Harvey as defendant, and the State.

The facts are that defendant, in the late afternoon of August 5, 1969, took a 1969 blue Pontiac ambulance from the parking lot of Moore's Ambulance Service, Chattanooga, Tennessee. The act was observed by a neighboring merchant who immediately telephoned Moore's Ambulance Service and reported the theft. The police were then notified; and subsequently, about 8:30 P.M. that same evening, two city police officers spotted the ambulance and gave chase. Following a wild chase in which

one police car was forced off the road, defendant wrecked the ambulance and was arrested.

The record reveals that defendant Harvey was indicted for four offenses in separate counts, to-wit; larceny of an ambulance; receiving a stolen ambulance; concealing a stolen ambulance; and unlawfully using said ambulance without the owner's consent. Defendant pled not guilty and upon trial by jury he was found guilty of "Taking and Using a Vehicle Without the Owner's Consent (Joy Riding) * * *", fined $50.00, plus costs, and sentenced to 11 months and 29 days in the County Workhouse.

In addition, defendant was charged with the offense of reckless driving. He pled guilty and voluntarily waived his right to a Grand Jury hearing and indictment, and voluntarily waived his right to jury trial. Subsequently, he changed his plea to not guilty and, upon presentation of proof and oral argument before Judge Campbell Carden, the court found him guilty as charged. Defendant was fined $50.00, plus costs, and sentenced to 90 days in the County Workhouse. Defendant's motion for new trial was overruled.

Defendant's assignment of error herein contests the constitutionality of T.C.A. sec. 40-2403 as being violative of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution for the reason that said statute is a mandate that if defendant elects to testify in his own defense, he must do so before other testimony is offered in support of such defense.

The alleged error on which defendant relies occurred at the conclusion of the State's proof, at which time defense counsel moved the court to allow defendant to

deviate from T.C.A. sec. 40-2403; that is, allow the defense to put on testimony of other witnesses before hearing the testimony of defendant himself. This motion was denied. Defendant argues primarily that Tennessee is in the minority in making it mandatory that a defendant, if he chooses to testify, must do so as the first witness for the defense; that the majority of states provide that the order of proof lies within the discretion of the court. The argument is that such mandatory provision impedes the right of a defendant to conduct his own defense; and that such a provision indulges a presumption that a defendant will not speak the truth unless he testify first.

Defendant's argument is not convincing, and certainly does not move this Court to declare T.C.A. sec. 40-2403 violative of defendant's right to fair trial, due process and equal protection of the law. That section reads:

> *"Failure of defendant to testify—Order of Testimony.*—The failure of the party defendant to make such request and to testify in his own behalf, shall not create any presumption against him. But the defendant desiring to testify shall do so before any other testimony for the defense is heard by the court trying the case."

In the court below, defendant chose not to testify first. The two defense witnesses, defendant's father and Dr. David McNaughton, a psychiatrist, testified only to defendant's mental condition before and immediately after his arrest. Dr. McNaughton stated that it was his opinion that at the time defendant took the ambulance, he was in a disassociative state of mind; that is, he was not in complete conscious control of his actions; and that this state of mind was a direct result of extreme pres-

sure and stress experienced by defendant during combat in Vietnam. The defense introduced no other proof. We cannot conclude that defendant was prejudiced in any way by the trial court's adherence to the rule stated in T.C.A. sec. 40-2403.

Further, as argued by the State in its brief, this Court has ruled previously on this issue. In *Clemens v. State* (1893), 92 Tenn. 282, 21 S.W. 525, this Court stated:

"The terms of the statute are so plain as to admit of but one construction; they are imperative, and must be enforced by the courts in every case. The provision is that the defendant may be the *first* witness in his own behalf, but not the *second, third,* or *fourth.* He may testify at one particular stage of the case, but at none other, under any circumstances. This is the rule established by the positive words of the act. The legislature made no exception; the courts can make none."

■■ We are of opinion, therefore, that the trial court did not err in disallowing defendant to deviate from established procedure in this State; nor in its holding that T.C.A. sec. 40-2403 is not unconstitutional as violative of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The judgment of the trial court is affirmed; costs to be assessed against defendant.

DYER, CHIEF JUSTICE, JENKINS and McAMIS, SPECIAL JUSTICES and McCANLESS, JUSTICE, concur.