**Lamar ROBBINS, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 29, 1972.

Certiorari Denied by Supreme Court
May 7, 1973.

John L. Alley, Alley & Raulston, Hixson, for plaintiff in error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Don W. Poole and Gary D. Gerbitz, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

OPINION

OLIVER, Judge.

Indigent and represented by court-appointed counsel, Robbins was convicted of a crime against nature in the Criminal Court of Hamilton County and was sentenced to confinement in the penitentiary for not less than five nor more than 15 years. He now comes to this Court by a duly perfected appeal in the nature of a writ of error.

His only Assignment of Error here, forgoing all other complaints raised in his motion for a new trial—including the sufficiency of the evidence, is that the trial court refused to permit him to testify after having elected not to do so as the first defense witness, and that the court thus deprived him of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

The record shows that at the end of the State's proof, the court inquired whether the defendant would testify. Defense counsel replied that defendant might be called as a witness later on. Although the State agreed to waive any objections, the court ruled that under T.C.A. § 40–2403 if the

defendant wished to testify he would have to do so as the first defense witness. After two defense witnesses testified, the defendant requested to take the stand. Although the State again waived any objections, the court denied the request.

T.C.A. § 40–2403 provides as follows:

"Failure of defendant to testify—Order of testimony—The failure of the party defendant to make such request [to testify—TCA § 40–2402] and to testify in his own behalf, shall not create any presumption against him. But the defendant desiring to testify shall do so before any other testimony for the defense is heard by the court trying the case."

Our Supreme Court has held that this statute is imperative, Rounds v. State, 171 Tenn. 511, 106 S.W.2d 212, and is not violative of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Harvey v. State, Tenn., 468 S.W.2d 731.

However, since the trial of this case the Supreme Court of the United States has held otherwise. In Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358, decided June 7, 1972, the Court held that T.C.A. § 40–2403 unconstitutionally violates the criminal defendant's privilege against self-incrimination, "exacts a price for his silence by keeping him off the stand entirely unless he chooses to testify first" and violates his "right to remain silent insofar as it requires him to testify first for the defense or not at all," and denies him due process of law by depriving him of the " 'guiding hand of counsel' in the timing of this critical element of his defense. . . the accused and his counsel may not be restricted in deciding whether, and when in the course of presenting his defense, the accused should take the stand."

This Court has consistently held that Brooks is not to be applied retroactively. Gunn, et al. v. State, Tenn.Cr.App., 487 S.

W.2d 666, filed at Jackson July 31, 1972; National General Corporation, Inc. v. State ex rel. Webster, Knox County No. 190, filed at Knoxville November 20, 1972; Lee T. Franklin v. State, Hamilton County No. 306, filed at Knoxville. We so held here.

Affirmed.

RUSSELL, J., and JOHN D. TEMPLETON, Special Judge, concur.