Filed 1/6/14 (Version first posted this date was incorrect and should be disregarded; this is correct version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B247709 |
| Plaintiff and Respondent, | (Super. Ct. No. F458833) |
| | (San Luis Obispo County) |
| v. | |
| TOMMY SHERRELL LEDBETTER, | |
| Defendant and Appellant. | |

In this first impression case, we decline the People's request for remand to relitigate the truth of a prior conviction allegation. Appellant is lawfully sentenced to prison for a term of 39 years to life and, even if the People can prove the prior on retrial, no increase in sentence will result. We will not allow remand for an idle act.

Tommy Sherrell Ledbetter appeals from the judgment entered after his no contest plea to assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1] He admitted personally inflicting great bodily injury upon the victim. (§ 12022.7, subd. (a).) The trial court found true allegations of three prior serious or violent felony convictions within the meaning of California's "Three Strikes" law. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The "strikes" are a 1989 Tennessee conviction for robbery, a 1989 Tennessee conviction for aggravated assault, and a 2001 Oklahoma conviction for assault and battery with a dangerous weapon. The court also found true

---

[1] All statutory references are to the Penal Code unless otherwise stated.

allegations of three prior serious felony convictions (§ 667, subd. (a)) and two prior prison terms. (§ 667.5, subd. (b).) Appellant was sentenced to prison for 39 years to life: 25 years to life for assault with a deadly weapon as a third striker, plus 3 years for the great bodily injury enhancement, plus 10 years for two prior serious felony convictions (the Tennessee robbery conviction and the Oklahoma conviction), plus one year for one prior prison term. The court stayed punishment on the 1989 serious felony Tennessee conviction for aggravated assault.

Appellant contends that the evidence is insufficient to prove that the two prior Tennessee convictions are serious or violent felony convictions within the meaning of the Three Strikes law and section 667, subdivision (a). He does not challenge the validity of the true finding on the Oklahoma conviction. As to the Tennessee robbery conviction, we conclude that the evidence is sufficient. As to the Tennessee aggravated assault conviction, we accept the People's concession that the evidence is insufficient. We vacate the true finding on the Tennessee aggravated assault conviction and affirm in all other respects. As indicated, the vacating of this true finding does not affect appellant's 39-year-to-life prison sentence. We deny the People's request that the matter be remanded for the purpose of retrying the strike allegation as to the Tennessee aggravated assault conviction.

*Rules re Prior Conviction Allegations*

"The People must prove all elements of [a prior conviction allegation] beyond a reasonable doubt. [Citation.] Where . . . the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] This rule applies equally to California convictions and to those from foreign jurisdictions. [Citations.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1082.) "The normal rules of hearsay generally apply to evidence admitted as part of the record of conviction to show the conduct underlying the conviction. [Citation.]" (*People v. Woodell* (1998) 17 Cal.4th 448, 458.) "Thus, a statement in the record of

2

conviction that is offered to prove the truth of the matter stated must fall within an exception to the hearsay rule. [Citation.]" (*People v. Thoma* (2007) 150 Cal.App.4th 1096, 1101.) "On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the [prior conviction allegation] beyond a reasonable doubt. [Citations.]" (*People v. Miles*, *supra*, 43 Cal.4th at p. 1083.)

*Prior Tennessee Robbery Conviction*

For the prior 1989 Tennessee robbery conviction, the record of conviction includes an indictment, a document signed by appellant and entitled "Petition to Enter Plea of Guilty," and a judgment. The indictment consists of two counts: the first count alleges robbery and the second count alleges aggravated assault. The robbery count states that appellant and a codefendant assaulted Steven Joiner, put him "in fear and danger of his life, . . . and violently did steal, take and carry away from [his] person and against [his] will" two pizzas of the "value of approximately $20.00." The judgment states that appellant pleaded guilty to "the offense of simple robbery."

Appellant argues that, because the judgment does not state that he pleaded guilty to the offense of robbery *as charged in the indictment*, the allegations in the indictment are inadmissible hearsay. Appellant waived this issue because he failed to raise it in the trial court. (Evid. Code, § 353, subd. (a).) Assuming, for purposes of discussion, that there was no waiver, appellant is wrong on the merits. "[T]he trier of fact may draw *reasonable inferences* from the record presented." (*People v. Miles*, *supra*, 43 Cal.4th at p. 1083.) Based on appellant's "Petition to Enter Plea of Guilty," the trial court could reasonably infer that he had admitted the allegations of the indictment. In the petition appellant stated: "I received a copy of the indictment or information, which states the charge(s) against me, before *I was required to plead to the charge(s)*. I have read and discussed the indictment or information with my

3

attorney."  (Italics added.)  "My attorney has explained that the Court will consider each count of each indictment or information *to which I plead 'GUILTY'* as a separate offense . . . ."  (Italics added.)  Thus, appellant impliedly pleaded guilty to robbery as charged in the indictment.  The indictment, therefore, is admissible under the admission exception to the hearsay rule.  (Evid. Code, § 1220.)

In any event, the Tennessee judgment alone is sufficient to show that appellant was convicted of a serious or violent felony.  The judgment shows that in 1989 he pleaded guilty to robbery.  At that time in Tennessee, robbery was defined as "the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear."  (Tenn. Code § 39-2-501, subd. (a).)  In California robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  (§ 211.)  These two statutory definitions are essentially identical, except that the Tennessee definition is more restrictive because it requires a "taking from the person of another," while the California definition requires a taking "from his person or immediate presence."  Thus, the mere fact of the 1989 Tennessee robbery conviction proves both the strike and prior serious felony allegations.  Robbery is both a violent and serious felony for purposes of the Three Strikes Law and section 667, subdivision (a).  (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1), 667.5, subd. (c)(9), 1192.7, subd. (c)(19).)

Appellant maintains that the Tennessee robbery conviction does not qualify as a strike because, at the time of his conviction in 1989, California recognized a claim-of-right defense to robbery but Tennessee did not.  "[O]ver 100 years ago [the California Legislature] codified in the current robbery statute the common law recognition that a claim-of-right defense can negate the *animus furandi* element of robbery where the defendant is seeking to regain specific property in which he in good faith believes he has a bona fide claim of ownership or title."  (*People v. Tufunga* (1999) 21 Cal.4th 935, 950.)  The People concede that Tennessee did not recognize a claim-of-right

4

defense.  (See *Elliott v. State* (1970) 2 Tenn.Crim.App. 418, 454 S.W.2d 187, 188 ["even if the property the defendant alleged was stolen from him had been the very watch and ring later taken [by the defendant] from the person of the victim, the jury would still have been justified in finding the crime of robbery was perpetrated"].)

Appellant contends that, based on the record of conviction, it cannot be determined whether he took the victim's two pizzas under a claim of right and, therefore, whether he would have been guilty of robbery pursuant to California law. The contention lacks merit.  The indictment alleges that appellant "violently did steal" the two pizzas.  Appellant impliedly admitted this allegation when he pleaded guilty. Appellant could not have stolen the two pizzas if he had believed in good faith that the pizzas were his personal property.  "[T]o steal means 'to be a thief; practice theft.' [Citations.]"  (*People v. Parson* (2008) 44 Cal.4th 332, 352.)  "The intent to steal . . . is the intent, *without a good faith claim of right*, to permanently deprive the owner of possession.  [Citation.]"  (*People v. Davis* (1998) 19 Cal.4th 301, 305, italics added.) "[O]ne cannot feloniously intend to steal one's own property."  (*People v. Tufunga*, *supra*, 21 Cal.4th at p. 953, fn. 5.)

### *Prior Tennessee Aggravated Assault Conviction*

For the prior Tennessee aggravated assault conviction, the record of conviction includes the indictment (the robbery is count 1 and the aggravated assault is count 2), appellant's signed petition to enter a guilty plea, and the judgment, which states that he pleaded guilty to aggravated assault.  The People concede that the evidence is insufficient because the record of conviction does not show that appellant personally inflicted great bodily injury upon the victim.

We accept the concession.  The aggravated assault charge alleges that appellant and the same codefendant named in the robbery charge "did cause serious bodily injury to Steven Joiner willfully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life."  In California aggravated assault (§ 245, subd. (a)) qualifies as a serious felony only if the defendant personally

5

inflicted great bodily injury or personally used a firearm or a dangerous or deadly weapon.  (§ 1192.7, subd. (c)(8), (23); *People v. Delgado* (2008) 43 Cal.4th 1059, 1067.)  Aggravated assault qualifies as a violent felony only if the defendant personally inflicted great bodily injury or personally used a firearm.  (§ 667.5, subd. (c)(8).)  The indictment does not allege that appellant personally used a firearm or a dangerous or deadly weapon.  The indictment alleges that appellant and his codefendant inflicted "serious bodily injury" upon the victim, but it does not indicate whether the injury was personally inflicted by appellant.  The codefendant could have been the actual perpetrator of the assault, with appellant acting as an aider and abettor.

The People also concede that the record of conviction is insufficient to prove the requisite intent for aggravated assault under California law because the Tennessee conviction may have been based on merely reckless conduct.  At the time of appellant's 1989 conviction, under Tennessee law a person could be convicted of aggravated assault if he had "recklessly" caused serious bodily injury "under circumstances manifesting extreme indifference to the value of human life."  (Tenn. Code § 39-2-101, subd. (b)(1).)  The Tennessee indictment alleges that appellant and his codefendant "willfully, knowingly or recklessly" caused serious bodily injury to the victim.  In California mere recklessness is insufficient to constitute an assault. (*People v. Williams* (2001) 26 Cal.4th 779, 788.)

*Remand Vel Non*

The People "note[] that . . . appellant's Tennessee robbery conviction, along with appellant's Oklahoma [conviction for assault and battery with a dangerous weapon], would support his current three strike sentence."  Nevertheless, as to the Tennessee aggravated assault conviction, the People request that "the matter be remanded to the trial court for the limited purpose of determining whether appellant suffered a prior foreign conviction equivalent to a California 'strike' offense."  The People argue that "where a reviewing court finds that insufficient evidence supports the 'strike' enhancement, the case should be remanded for retrial on the prior 'strike'

6

conviction allegation because the double jeopardy bar does not apply to findings on prior conviction allegations."

"[R]etrial of a strike allegation is permissible where [as here] a trier of fact finds the allegation to be true, but an appellate court reverses that finding for insufficient evidence." (*People v. Barragan* (2004) 32 Cal.4th 236, 239.) Just because retrial is permissible does not mean the People have an unqualified right to retrial. We deny the People's request that the matter be remanded for the purpose of retrying the strike allegation as to the Tennessee aggravated assault conviction. If on remand the People were able to prove that this conviction qualifies as a strike, appellant's sentence of 39 years to life would remain unchanged. The People correctly note that the Tennessee robbery and Oklahoma convictions qualify as strikes, and the present conviction of assault with a deadly weapon with personal infliction of great bodily injury constitutes "strike three." Pursuant to section 667, subdivision (a), an additional five years is mandated for each of these prior serious felony convictions. The trial court stayed sentence on the section 667, subdivision (a) prior serious felony Tennessee aggravated assault conviction. Thus, the court's erroneous true findings on this conviction did not add one day to appellant's sentence. The People do not explain why they want an opportunity to retry the strike allegation when that allegation cannot affect the length of appellant's sentence.

It would therefore be an idle act and "a waste of ever-more-scarce judicial resources" to remand the matter for the purpose of retrying the Tennessee aggravated assault strike allegation. (*In re Z.N.* (2009) 181 Cal.App.4th 282, 300.) Appellant's sentence would remain the same irrespective of the result of the retrial. "The law neither does nor requires idle acts." (Civ. Code, § 3532.)

Our decision not to remand the matter is consistent with *People v. Alford* (2010) 180 Cal.App.4th 1463. There the defendant requested that the matter be remanded to the trial court for a new sentencing hearing to remedy a section 654 problem. The appellate court denied the request: "[Remand for this purpose] would mean pulling

7

defendant out of his prison programming and busing him to [the trial court] for a new sentencing hearing that will not change his actual prison time. The futility and expense of such a course militates against it." (*Id.* at p. 1473.) The appellate court imposed the sentence that the trial court "undoubtedly . . . would have imposed" and stayed execution of that sentence. (***Ibid***.) The appellate court noted that it was exercising its "authority to modify the judgment" pursuant to section 1260. (***Ibid***.)

Section 1260 provides: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances." The power to order remand "for such further proceedings as may be just under the circumstances," in our view, permits us to not remand to secure the same goal, i.e., justice under the circumstances.

Here, we are exercising our authority to preclude retrial because "[t]he futility and expense" of remand for the purpose of retrying the Tennessee aggravated assault strike allegation "militates against it." (*People v. Alford*, *supra*, 180 Cal.App.4th at p. 1473; see also *People v. Moore* (2006) 39 Cal.4th 168, 176 ["Section 1260 evinces a 'legislative concern with unnecessary retrials where something less drastic will do' "].)

*Disposition*

The finding that appellant's 1989 Tennessee aggravated assault conviction constitutes a serious or violent felony conviction within the meaning of the Three Strikes law and section 667, subdivision (a) is vacated. In all other respects the judgment, including the state prison sentence of 39 years to life, is affirmed. The trial court is directed to file an amended abstract of judgment that deletes any reference to

8

the Tennessee aggravated assault conviction. The trial court is further directed to transmit a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

9

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Seth P. McCutcheon, Deputy Attorney General, for Plaintiff and Respondent.