IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2025

## ROBERT WAYNE GARNER v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. CR-17488    Caleb M. Bayless, Judge**

---

### No. M2024-01064-CCA-R3-HC

---

The Petitioner, Robert Wayne Garner, appeals the summary dismissal of his petition for writ of habeas corpus for failure to state a cognizable claim for relief. Specifically, the Petitioner argues that he is entitled to habeas corpus relief because the trial court failed to explicitly order he serve his life sentence for felony murder in the Tennessee Department of Correction ("TDOC") and failed to indicate the same on his felony murder judgment form. Additionally, the Petitioner alleges two procedural errors occurred in these proceedings: (1) the State was without authority to attach a proposed dismissal order to its motion to dismiss the habeas corpus petition, and (2) the habeas corpus court erred by simply signing the State's dismissal order without providing extensive findings of fact and conclusions of law for its decision. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Robert Wayne Garner, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I.    FACTUAL AND PROCEDURAL HISTORY

In 2010, the Petitioner entered the home of Brenda Wilburn, his former landlady, assaulted her, bound her hands and feet with electric wire, tied two plastic bags around her

head and a piece of clothing around her neck, and set her house on fire. *State v. Garner*, No. M2011-02581-CCA-R3-CD, 2013 WL 5461099, at *1 (Tenn. Crim. App. Sept. 30, 2013), *perm. app. denied* (Tenn. Feb. 12, 2014) (designated not for citation). In 2011, the Petitioner was convicted of first degree felony murder, aggravated arson, and theft of property valued at $10,000 or more but less than $60,000. *Id.*; *see* Tenn. Code Ann. §§ 39-13-202(a)(2); -14-103, -302. The Petitioner was sentenced to life in prison for his felony murder conviction, twenty-five years for his aggravated arson conviction, and three years for his theft conviction. *Garner*, 2013 WL 5461099, at *1. The latter sentences were ordered to run concurrently with each other, but consecutively to the life sentence, for a total effective sentence of life plus twenty-five years. *Id*. The place of confinement for each sentence was not announced during the sentencing hearing. However, at the conclusion of the sentencing hearing, defense counsel requested that the trial court order the Petitioner to "be immediately transferred to TDOC." When the trial court responded that it would try to accommodate the request, defense counsel stated, "I've explained . . . to [the Petitioner], that TDOC sort of marches to their own beat." The judgment forms for both the aggravated arson and theft convictions designated the TDOC as the place of confinement. No box is marked indicating the place of confinement on the judgment form for the felony murder conviction.

Since 2011, the Petitioner has filed multiple appeals challenging his convictions without success. *See Garner v. State*, No. M2023-01337-CCA-R3-ECN, 2024 WL 3634273, at *1-2 (Tenn. Crim. App. Aug. 2, 2024), *perm. app. denied* (Tenn. Dec. 11, 2024) (detailing the procedural history of the Petitioner's various challenges to his convictions). On June 6, 2024, the Petitioner filed his third petition for writ of habeas corpus, the petition at issue in this case. Relevant to this appeal, the Petitioner alleged therein that his life sentence for his felony murder conviction was void because the trial court did not explicitly sentence him to serve his sentence in the TDOC pursuant to Tennessee Code Annotated section 40-35-314(a) and because the trial court failed to mark the TDOC box on his felony murder judgment form. To this point, the Petitioner argued that this failure qualified as more than a mere clerical error because the trial court failed to comply with a statutory mandate.

On July 1, 2024, the State filed a motion to dismiss the habeas corpus petition asserting that the Petitioner's claims were meritless. In its motion, the State indicated that, "[f]or the Court's convenience, a proposed order of dismissal [was] attached." While no blank order is shown attached to the State's motion, the next entry in the record is the habeas corpus court's written order summarily dismissing the petition filed on July 3, 2024. In its order, the habeas corpus court reasoned that the State's motion to dismiss was well-

taken and concluded that the Petitioner had "failed to show that his sentence [was] expired or illegal." This timely appeal followed.

## II.    ANALYSIS

On appeal, the Petitioner contends that his life sentence for his felony murder conviction is illegal because the trial court failed to follow a statutory mandate by not explicitly sentencing him to serve his sentence in the TDOC at the sentencing hearing and by not marking the TDOC as the place of confinement on his felony murder judgment form. Furthermore, the Petitioner alleges that the State was without authority to prepare a dismissal order for the habeas corpus court and that the habeas corpus court's dismissal order failed to contain specific findings of fact and conclusions of law that he asserts were required.

On appeal, the State makes similar arguments to those presented in its motion to dismiss. Responding to the Petitioner's argument regarding the trial court's failure to sentence the Petitioner to serve his sentence in the TDOC, the State asserts that, while the trial court did not explicitly announce TDOC service at the sentencing hearing, the Petitioner was, nonetheless, required to serve his sentence in the TDOC by operation of law pursuant to Tennessee Code Annotated section 40-35-319(a). Thus, according to the State, the error had no legal or practical effect on the Petitioner's sentence and did not render his life sentence illegal. Regarding the trial court's failure to mark the TDOC box on the felony murder judgment form, the State contends this oversight constituted a mere clerical error. The State concludes that neither of these issues are cognizable claims for habeas corpus relief.[1]

As to the alleged procedural errors, the State asserts that a summary dismissal, involving no findings of fact and conclusions of law, is appropriate when no colorable claim is presented. Relative to the State's prepared dismissal order, the State claims that any argument against the propriety of the order is waived for the Petitioner's failing to cite supporting authority and include such argument in his statement of the issues in his brief.

---

[1] The State also argues that the Petitioner is not entitled to relief on his "final claim" that "the District Attorney General's failure to verify the sentencing hearing transcript before submitting the uniform judgment order" pursuant to Tennessee Code Annotated section 40-23-103 renders his felony murder sentence void. The State claims that this Code section does not impose any obligation on the District Attorney General. However, while the Petitioner included this argument in his petition for writ of habeas corpus, he did not include any argument in this regard on appeal. As such, the issue is waived. *See* Tenn. R. App. P. 13(b); *State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) (reemphasizing that "an appellate court's authority 'generally will extend only to those issues presented for review'").

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that the petitioner's sentence has expired, and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

"A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

Here, the Petitioner argues the trial court's failure to comply with a statutory mandate pursuant to Tennessee Code Annotated section 40-35-314(a) renders his life sentence for felony murder illegal. Code section -314(a) provides that "[i]f confinement in a local jail or workhouse is not mandated by § 40-35-104(b), § 40-35-306 or § 40-35-307, all convicted felons sentenced after November 1, 1989, to continuous confinement for a period of one (1) year or more shall be sentenced to the department of correction." The record reflects that the trial court did not explicitly designate the TDOC as the place of confinement for the Petitioner's life sentence at the time of sentencing. However, we agree with the State that the Petitioner was sentenced to the TDOC by operation of law. Tennessee Code Annotated section 40-35-319(a) provides that "[i]f a defendant convicted of a felony does not receive another type of sentence authorized by this chapter . . . the place of confinement shall be designated as the department of correction unless prohibited

by other statutes." Such is the case here, and therefore, the Petitioner has not established a void judgment or that his sentence is illegal.

Moreover, the record reflects that defense counsel requested attempts be made to effectuate a speedy transfer for the Petitioner to the TDOC, to which the trial court acquiesced. This indicates that all parties understood the Petitioner was sentenced to the TDOC. This is further supported by the judgment forms for the Petitioner's aggravated arson and theft convictions, both of which designated the TDOC as the place of confinement. *See, e.g.*, *Clemons v. State*, 21 S.W. 525, 525 (Tenn. 1893) (holding that the verdict and judgment were both valid despite the jury's failing to recite the place of confinement in rendering its verdict); *Rainer v. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *4-5 (Tenn. Crim. App. Jan. 20, 2006) (holding the petitioner's sentence was not illegal but merely a clerical error where the trial court designated the place of confinement as the TDOC rather than the local jail or workhouse for the petitioner's misdemeanor conviction contrary to the Sentencing Act); c*f. State v. Naifeh*, No. W2015-01204-CCA-R3-CD, 2016 WL 3345270, at *16 (Tenn. Crim. App. May 27, 2016) (remanding for the correction of clerical errors on judgment forms by reasoning that, despite "linguistic inconsistencies," it was clear that the trial court intended to sentence the defendant pursuant to alternative sentencing statutory mandates).

Regarding the Petitioner's argument that the trial court failed to mark the TDOC as the place of confinement on his felony murder judgment form, for the reasons stated above, we conclude this failure constituted nothing more than a mere clerical error. Such errors are not cognizable for habeas corpus relief. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).[2]

Turning to the Petitioner's challenged procedural errors, we likewise conclude he is not entitled to relief. As to the State's preparing a dismissal order for the habeas corpus court, we note the Petitioner's entire argument consisted of the following two sentences included in the "Facts of the Case" section in his brief: "Furthermore, the Appellant raises the issue that the Attorney General's Office has once again prepared the order granting dismissal for the Habeas Corpus Court. The Attorney General does not have the authority

---

[2] In the Petitioner's principal brief, he mentions that after filing the instant habeas corpus petition in Wayne County concerning the "failure of the trial court to pronounce the [Petitioner] sentenced to the [TDOC,]" the Giles County District Attorney's Office filed a motion to correct a clerical error. He stated that he was then transported for a hearing on this matter "in July[,]" and "[u]ltimately the Giles County Court granted the State's motion." The record does not include any corrected judgment form, and it is unclear what occurred at this hearing. We note that the parties may seek correction of the judgment form if necessary. *See* Tenn. R. Crim. P. 36 ("[T]he court may at any time correct clerical mistakes in judgments . . . arising from oversight or omission.").

to do so and cannot be allowed to continue this practice." The Petitioner additionally failed to include this argument in his statement of the issues and failed to cite any supporting authority for this claim. "In our adversarial system, the judicial role is not 'to research or construct a litigant's case or arguments for him or her[.]'" *State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022) (quoting *Sneed v. Bd. Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Therefore, this issue is waived. *See* Tenn. R. App. P. 27(a)(4), (7); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

Lastly, as to the contents of the habeas corpus court's order, we again observe that a trial court may summarily dismiss a petition for writ of habeas corpus under the authority of Tennessee Code Annotated section 29-21-109 where the petition fails to state a cognizable claim. *Hickman*, 153 S.W.3d at 20; *see also State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Here, we note that the habeas corpus court's order contained a conclusion that the Petitioner had "failed to show that his sentence [was] expired or illegal" and, in doing so, reasoned that the State's motion to dismiss was well-taken. Thus, arguably the Petitioner is incorrect in his assertion that the order did not contain these items, despite its brief nature.

Importantly, the habeas corpus court was not required to include extensive findings of fact and conclusions of law in its dismissal order. *See Edwards v. Lindamood*, No. M2009-01132-CCA-R3-HC, 2010 WL 2134156, at *3 (Tenn. Crim. App. May 27, 2010) (affirming summary dismissal of habeas corpus relief where the habeas corpus court did not make extensive findings of fact and conclusions of law when the petitioner failed to state a cognizable claim). While the Petitioner cites *Cooper v. State* for support that findings of fact and conclusions of law were required in the habeas corpus court's order, we note that *Cooper* is a post-conviction case and is, therefore, not applicable to the Petitioner's instant habeas corpus case. No. E2019-02132-CCA-R3-PC, 2020 WL 6112987, at *7 (Tenn. Crim. App. Oct. 16, 2020). Rather, Code section -109, applicable to a habeas corpus petition, requires the following: "If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, *the reasons for such refusal being briefly endorsed upon the petition, or appended thereto*." Tenn. Code Ann. § 29-21-109 (emphasis added); *see also Wisdom v. Lee*, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *2 (Tenn. Crim. App. Mar. 14, 2017) (making a similar observation when the habeas corpus court's order was unclear as to whether it was dismissing the petitioner's request for a writ of habeas corpus on procedural grounds, substantive grounds, or both). The habeas corpus court's order in this case complies with the statutory language. The Petitioner is not entitled to relief from these claimed procedural errors.

### III. CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE
